# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

LEONARDO MORENO-ROMERO,[1]  )
)
    Movant,  )
)
v.  )   Case No. CV416-151
)             CR413-129
UNITED STATES OF AMERICA,  )
)
)
    Respondent.  )

## REPORT AND RECOMMENDATION

Leonardo Moreno Romero brings what the Government concedes is a timely filed, first 28 U.S.C. § 2255 motion in which he seeks to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016). CR413-129, doc. 239; doc. 243 (Government's response brief). Following his guilty plea, this Court sentenced him to 100 months' imprisonment for violating 18 U.S.C. § 922(g)(5)(A) (illegal

---

[1] In his § 2255 motion Leonardo Moreno-Romero calls himself "Moreno Romero Leonardo." CR413-126, doc. 239 at 1, 3. Yet the indictment identifies him as Leonardo Moreno-Romero. Doc. 3. So does the Presentence Investigation Report (PSR), PSR at 1, as well as the criminal case caption (the civil case caption uses "Moreno Romero Leonardo" because that case was opened upon his filing of his § 2255 motion bearing that name). Absent evidence of a legal name change, the Court is sticking with Leonardo Moreno-Romero. The Clerk is **DIRECTED** to amend the CV416-151 caption accordingly, and all subsequent filings shall conform.

alien in possession of a firearm), with his sentence enhanced under 18 U.S.C. § 924(c)(1)(A) for carrying a firearm during/in relation to a drug trafficking crime.[2] Doc. 152 at 1-2; doc. 155 at 10.

---

[2] In pertinent part § 924 provides:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any *crime of violence* or drug trafficking crime (including a crime of violence *or drug trafficking crime* that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
> >
> > (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> >
> > (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). For the purposes of § 924(c), "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened *use of physical force* against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3)(A), (B) (emphasis added). Courts reference subprovision (A) as the "use-of-force" clause and (B) as the "§ 924(c)(3)(B) residual clause." *In re Sams*, ___ F.3d ___, 2016 WL 3997213 at * 3 (11th Cir. July 26, 2016); *In re Colon*, 826 F.3d 1301, 1304 (11th Cir. 2016); *Duhart v. United States*, 2016 WL 4720424 at * 3 (S.D. Fla. Sept. 9, 2016). A "drug trafficking crime," in contrast, "means any felony punishable under the Controlled Substances Act . . . the Controlled

The Armed Career Criminal Act (ACCA) -- the statute *Johnson* addressed -- falls under an entirely different provision of § 924, § 924(e), *not* 924(c). The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B)(i). *Johnson* found that "residual" clause so vague that it violates due process. *See* 135 S. Ct. at 2557. But crimes falling under that provision's other clauses, known as the "elements and "enumerated crimes" clauses,[3] are not affected by *Johnson's* holding. *Id.* at 2563.[4]

---

Substances Import and Export Act . . . or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).

[3] As more thoroughly explained by the Eleventh Circuit:

> ACCA gives three definitions of "violent felony." First, § 924(e)(2)(B)(i) covers any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." This is known as the "elements clause." Second, § 924(e)(2)(B)(ii) covers any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The first 9 words of that subsection are called the "enumerated crimes clause," and the last 13 are called the "residual clause.

3

Moreno-Romero's 100-month sentence was enhanced *not* by § 924(e)(2)(B)(i), but by § 924(c)(1)(A). Doc. 152 at 1 (Judgment); PSR at 9 ¶ 28. Boiled down, he argues that his conviction under § 924(c)(1)(A) fetched application of § 924(c)(3)(B) to him, and since § 924(c)(3)(B) equates to the § 924(e)(2)(B)(ii) residual clause invalidated by *Johnson*, his enhanced sentence likewise should be invalidated. Doc. 247.

In that regard, "it [has been] an open question whether *Johnson* applies to the residual clause set out in 18 U.S.C. § 924(c)(3)(B)." *Sams*, 2016 WL 3997213 at * 3; *see also Duhart*, 2016 WL 4720424 at * 6 (it

---

*In re Robinson*, 822 F.3d 1196, 1197 (11th Cir. 2016). "[I]mposition of an enhanced sentence under [the residual clause] violates the Fifth Amendment's guarantee of due process." *Coon v. United States*, 2016 WL 4544437 at * 2 (11th Cir. Sept. 1, 2016).

[4] Many convicted defendants are trying to convince courts that § 924(c)(3)(B)'s "residual clause" should be invalidated per *Johnson*'s reasoning. *See, e.g.*, *United States v. Taylor*, 2016 WL 4718948 at * 2 (E.D. Va. Sept. 8, 2016) ("defendant contends that the residual clause of § 924(c) is indistinguishable from the ACCA residual clause, and accordingly, the residual clause of § 924(c) is unconstitutionally vague under the rationale of *Johnson*."). One court has been convinced:

> Whatever differences in language, the operation of the residual clause in § 924(c)(3)(B) is no different than that found too vague to provide adequate due process in *Johnson*. Though the temporal scope of § 924(c)(3)(B) is comparatively narrower, limited to the "risk of physical force" that "may be used in course of committing the offense" rather than the broader "risk of physical injury to another" considered under § 924(e)(2)(B)(ii), this narrow distinction does not make otherwise vague language clear.

*Duhart v. United States*, 2016 WL 4720424 at * 6 (S.D. Fla. Sept. 9, 2016).

4

does); *supra* n.4.  It is conceivable, the Government allows, that § 924(c)(3)(B)'s "definition of 'crime of violence' so echoes the residual-clause portion of the ACCA's definition of 'violent felony' that *Johnson* invalidates it, too." Doc. 243 at 3.  But § 924(c)(3)(B), it points out, was never applied to Moreno-Romero.  *Id.*  Indeed, "the predicate for Moreno-Romero's § 924(c) conviction was not a 'crime of violence.'  Instead, it was a 'drug trafficking crime," so the "non-residual-clause" portion of § 924(c), specifically § 924(c)(2), was applied.  *Id.*

The Government is correct.  The indictment charged, as the predicate crime:

> On or about March 14, 2013, in Chatham County, within the Southern District of Georgia, Defendant[] . . . did unlawfully and knowingly, use and carry a firearm, that is, a Walther, model PPK/S, .380 caliber pistol, serial number 060163, during and in relation to a *drug trafficking crime*, that is, Distribution of a Controlled Substance, as alleged in Count Twenty-Seven herein, in violation of 18 U.S.C. § 924(c)(1)(A).

Doc. 3 at 8-9 (emphasis added and omitted).

As set forth *supra* n. 2, the § 924(c) definition of a "drug trafficking crime" is separately defined in § 924(c)(2), and in a way that includes none of the problematic residual-type language at issue in *Johnson*. See 18 U.S.C. § 924(c)(1)(A); *id.* § 924(c)(2) ("any felony punishable under

5

the Controlled Substances Act . . . the Controlled Substances Import and Export Act . . . or chapter 705 of title 46"). *Johnson* thus has no conceivable application in that context, so Moreno-Romero's § 2255 motion must be **DENIED**. *United States v. Parnell*, 2016 WL 3230697 at * 4 (3rd Cir. June 13, 2016) ("*Johnson* does not call into question [§ 924(c)(2)'s] unambiguous definition of "drug trafficking crime.").[5]

An additional basis supports denial, though the Government does not raise it: Waiver. Subject to exceptions not applicable here, Moreno-Romero waived his direct and collateral appeal rights, Doc. 151 at 6, and has not claimed that this waiver was not made knowingly and voluntarily. The unobjected to PSR pointed out that he benefited from that. PSR (Sentencing Recommendation) at 2 ("Had the defendant not waived his appeal rights, a sentence at the top of the advisory guideline range would have been recommended."). And this Court noted the waiver when it sentenced him. Doc. 155 at 14-15. Absent any

---

[5] *Cf., In re Watt*, ___ F.3d ___, 2016 WL 3941083 at *1 (11th Cir. July 21, 2016) (explaining that a violation of 18 U.S.C. § 2114(a) would constitute a crime of violence under § 924(c)(3)(A), which is § 924(c)'s use-of-physical-force clause, not its "residual clause" counterpart, § 924(c)(3)(B), and that the Circuit Court has not "held that *Johnson* affects section 924(c)(3)(B)."); cited in *Morrow v. United States*, 2016 WL 4146125 at * 2 (E.D. Tenn. Aug. 3, 2016) (so "even if *Johnson's* reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction under 18 U.S.C. § 2114(a) would remain a crime of violence under the provision because the offense qualifies under the use-of-physical-force clause contained in § 924(c)(3)(A).").

sufficiently pled claim that the double-waiver was not made knowingly and voluntarily, it is being enforced. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1219-20 (11th Cir. 2014); *Jones v. United States*, 2016 WL 3476429 at *3 n.4 (S.D. Ga. June 21, 2016). Movant's § 2255 motion therefore is barred, and thus fails on this additional basis. *Omoniyi v. United States*, 2016 WL 4523170 at * 2-3 (S.D. Ga. Aug. 11, 2016).

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED,** this  19th   day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA